PRESENT: All the Justices

RICHARD L. BRITT

v.    Record No. 072175                          OPINION BY
                                        JUSTICE BARBARA MILANO KEENAN
                                               October 31, 2008
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

       In this appeal from a defendant's conviction for grand

larceny, we consider whether the evidence was sufficient to

establish that the value of the goods taken was at least $200.

       Richard L. Britt was convicted in a bench trial in the

Circuit Court of the City of Richmond of grand larceny, in

violation of Code § 18.2-95, and of statutory burglary, in

violation of Code § 18.2-91.  Britt's burglary conviction is

not before us in this appeal.  The circuit court sentenced

Britt for the grand larceny conviction to a term of ten years'

imprisonment, which was suspended in its entirety.

       The evidence at trial showed that City of Richmond Police

Officer R. Joy Norwood responded to a report of a "break-in"

that occurred at the Chamberlayne Food Mart (the store) around

4:00 a.m. one morning.  As Norwood approached the store in her

police vehicle, she observed that a window in the store had

been broken.  Norwood also saw various types of packaged

tobacco products (collectively, "cigarette packs") on the

ground outside the store's front entrance.

Immediately thereafter, Norwood noticed two men standing in a parking lot across the street from the store. At that time, Norwood saw one of these men, later identified as Britt's accomplice, holding a black plastic bag. Norwood also observed the other man, later identified as Britt, reaching into the bag in an apparent attempt to retrieve some of its contents.

When the men saw Norwood's police car, they fled. Norwood pursued and ultimately apprehended Britt, who had dropped three sealed cigarette packs during the chase. Police later retrieved these three items and the contents of the black plastic bag.

The storeowner, Sama Azeire, arrived at the store later that morning. He testified that he found some cigarette packs, which were ordinarily located on shelves behind the cash register, on the store floor. However, Azeire did not describe the specific location of those cigarette packs on the floor.

Azeire stated that the total retail price of all the cigarette packs retrieved from the store floor and from outside the store was $410.59. This total amount included the retail price of the cigarette packs found in the plastic bag, on Britt's flight trail, and on the floor of the store.

Defense counsel objected to the admission of Azeire's receipts showing the total amount of $410.59. Counsel argued that those receipts did not establish the value of the property

taken, because the receipts did not contain separate tabulations distinguishing the value of the cigarette packs found outside the store from those located inside on the store floor. The circuit court overruled the objection and admitted the receipts in evidence.

At the close of the Commonwealth's case, defense counsel made a motion to strike the evidence, which the circuit court denied. Britt did not present evidence on his own behalf. After denying defense counsel's renewed motion to strike, the circuit court found Britt guilty of both grand larceny and burglary.

Britt appealed both his convictions to the Court of Appeals, which denied Britt's petition by order. Britt v. Commonwealth, Record No. 0040-07-2 (Oct. 1, 2007). We awarded Britt an appeal from his grand larceny conviction limited to the question whether the evidence presented on the grand larceny charge was sufficient to establish the value of the property taken.

Britt contends that the evidence was insufficient as a matter of law to establish that the value of the stolen property was at least $200. He argues that the Commonwealth's evidence failed to separate the value of the items taken out of the store from the value of the items found inside on the floor. Britt asserts that the record in this case lacks any

3

evidence that he ever seized or moved the cigarette packs found on the store floor.  According to Britt, it is equally likely that those items were "inadvertently knocked" from the store shelves during the taking of the items later found outside the store, and that such inadvertent movement does not constitute asportation for purposes of proving a larceny.  Thus, Britt argues that the cigarette packs found on the store floor should not have been included in calculating the total value of the stolen property, and that the record before us proves only that he is guilty of petit larceny.

In response, the Commonwealth asserts that the crime of grand larceny was complete the moment the cigarette packs were removed from the store shelf, and that, regardless of their exact location on the floor, the retail price of those items properly was included in the valuation of the property taken. The Commonwealth contends that the circuit court reasonably could have inferred that Britt and his accomplice moved all the cigarette packs from the shelf with the intent to steal them. According to the Commonwealth, the fact that the men ultimately were unsuccessful in removing all the displaced cigarette packs from the store does not affect the value of the property taken. We disagree with the Commonwealth's arguments.

We consider the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court,

4

and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence. Jay v. Commonwealth, 275 Va. 510, 524, 659 S.E.2d 311, 319 (2008); Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008). Circumstantial evidence, if convincing, is entitled to the same weight as direct testimony. Riner v. Commonwealth, 268 Va. 296, 303, 601 S.E.2d 555, 558 (2004); Epperly v. Commonwealth, 224 Va. 214, 228, 294 S.E.2d 882, 890 (1982). However, evidence that engenders only a suspicion or probability of guilt is not sufficient to support a conviction. Jay, 275 Va. at 527, 659 S.E.2d at 321; Dunn v. Commonwealth, 222 Va. 704, 705—06, 284 S.E.2d 792, 793 (1981); Coffey v. Commonwealth, 202 Va. 185, 188, 116 S.E.2d 257, 259 (1960).

When a defendant challenges the sufficiency of the evidence, we accord the judgment of a circuit court sitting without a jury the same weight as a jury verdict. Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001); Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999). We will affirm the circuit court's judgment unless it is plainly wrong or without evidence to support it. Code § 8.01-680; Jay, 275 Va. at 524, 659 S.E.2d at 319; Bolden, 275 Va. at 148, 654 S.E.2d at 586; Tarpley, 261 Va. at 256, 542 S.E.2d at 763; Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998).

We have defined larceny, a common law crime, as the wrongful or fraudulent taking of another's property without his permission and with the intent to permanently deprive the owner of that property.  Tarpley, 261 Va. at 256, 542 S.E.2d at 763; Stanley v. Webber, 260 Va. 90, 96, 531 S.E.2d 311, 315 (2000); Taylor, 256 Va. at 518, 506 S.E.2d at 314; Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994).  Grand larceny includes the taking, not from the person of another, of goods having a value of $200 or more.  Code § 18.2-95; Tarpley, 261 Va. at 256, 542 S.E.2d at 763—64; Stanley, 260 Va. at 96, 531 S.E.2d at 315; Taylor, 256 Va. at 518, 506 S.E.2d at 314.

The monetary amount specified in Code § 18.2-95 is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt.  Walls v. Commonwealth, 248 Va. 480, 481, 450 S.E.2d 363, 364 (1994); Knight v. Commonwealth, 225 Va. 85, 88, 300 S.E.2d 600, 601 (1983); Wright v. Commonwealth, 196 Va. 132, 139, 82 S.E.2d 603, 607 (1954).  Although proof that stolen items have some value will sustain a conviction for petit larceny, a conviction for grand larceny requires proof that the value of the stolen goods is at least $200.  Walls, 248 Va. at 481, 450 S.E.2d at 364; Wright, 196 Va. at 139, 82 S.E.2d at 607.

Plainly, the Commonwealth must prove that the goods taken, as distinguished from those not taken, have a value of $200 or more. An item is taken, for purposes of larceny, when a defendant secures dominion or absolute control over the property. Jones v. Commonwealth, 3 Va. App. 295, 300-01, 349 S.E.2d 414, 418 (1986); see Mason v. Commonwealth, 200 Va. 253, 256, 105 S.E.2d 149, 151 (1958); Green v. Commonwealth, 133 Va. 695, 699, 112 S.E.2d 562, 563 (1922). The duration of such dominion or absolute control, however, may be very brief or only momentary. Jones, 3 Va. App. at 301, 349 S.E.2d at 418; see Green, 133 Va. at 699, 112 S.E.2d at 563; Welch v. Commonwealth, 15 Va. App. 518, 522, 425 S.E.2d 101, 104 (1992). The defendant must hold, seize, or grasp the property, with his hands or otherwise. Welch, 15 Va. App. at 522, 425 S.E.2d at 104; Jones, 3 Va. App. at 301, 349 S.E.2d at 418; see Mason, 200 Va. at 256, 105 S.E.2d at 151.

In addition, proof of larceny requires that there be an asportation, or a movement of the seized goods, however slight, coupled with an intent to permanently deprive the owner of those goods. See Bryant v. Commonwealth, 248 Va. 179, 183, 445 S.E.2d 667, 670 (1994); Pritchard v. Commonwealth, 225 Va. 559, 562, 303 S.E.2d 911, 913 (1983); Mason, 200 Va. at 256, 105 S.E.2d at 151. The defendant's intent to steal must exist at the time the seized goods are moved. McAlevy v. Commonwealth,

7

44 Va. App. 318, 322, 605 S.E.2d 283, 285 (2004), aff'd, 270 Va. 378, 380, 620 S.E.2d 758, 760 (2005); Welch, 15 Va. App. at 524 n.4, 425 S.E.2d at 106 n.4; see Tarpley, 261 Va. at 256, 542 S.E.2d at 764; Pritchard, 225 Va. at 562, 303 S.E.2d at 913.

Applying these principles, we conclude that the evidence of value in this case was insufficient as a matter of law to establish that element of grand larceny.  There was no evidence, circumstantial or otherwise, that Britt or his accomplice seized, grasped, or held the cigarette packs found on the store floor so as to exercise dominion or absolute control over them.  In particular, the record is silent regarding the relative distance of those cigarette packs from their original location on the store shelves.

Lacking evidence that Britt or his accomplice exercised dominion or absolute control over the cigarette packs found on the floor, the record also necessarily fails to establish that there was an asportation of those items, that is, movement of the seized items accompanied by the intent to steal.  In effect, therefore, the Commonwealth asks us to speculate that Britt and his accomplice tried to remove from the premises the items found on the store floor, but were unsuccessful in doing so, or that the items actually removed from the store had a value of $200 or more.  We will not engage in such speculation.

We hold that it is impossible to determine from the evidence the cumulative value of the items Britt and his accomplice seized and carried from the store. Because the total amount of $410.59 computed by the store's owner included the value of the cigarette packs found on the store floor and because there was no evidence showing the quantity or value of those items retrieved from the floor, the total amount of $410.59 was not competent evidence of the value of the items removed from the store. Thus, we conclude that the Commonwealth failed to prove that the value of the items taken was $200 or more. In the absence of such evidence, Britt's conviction of grand larceny rests on speculation and cannot stand. See Knight, 225 Va. at 88, 300 S.E.2d at 601; Dunn, 222 Va. at 705-06, 284 S.E.2d at 793.

For these reasons, we will reverse the Court of Appeals' judgment and vacate the conviction for grand larceny. We will remand the case to the Court of Appeals with direction that the case be remanded to the circuit court for a new trial on a charge of petit larceny if the Commonwealth be so advised. We do not remand solely for imposition of a new sentence on the lesser offense as we did in Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006), because here, unlike in South, both parties have not consented to that relief.

Reversed and remanded.

9