COURT OF APPEALS OF VIRGINIA

Present:  Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


CLINTON JOSEPH BANKS

MEMORANDUM OPINION[*] BY
v.       Record No. 2987-07-1        JUDGE ELIZABETH A. McCLANAHAN
JANUARY 27, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
A. Joseph Canada, Jr., Judge

Annette Miller, Senior Assistant Public Defender (Office of the
Public Defender, on brief), for appellant.

Kathleen B. Martin, Senior Assistant Attorney General
(Robert F. McDonnell, Attorney General, on brief), for appellee.


Clinton Joseph Banks appeals his conviction for grand larceny of a tire and rim from a

vehicle.  He argues the evidence was insufficient because the Commonwealth failed to prove the

value of the tire and rim was $200 or greater at the time it was stolen and that he was the

criminal agent who stole the tire and rim.

I.  BACKGROUND

We review the evidence in the "light most favorable" to the Commonwealth as the

prevailing party below.  Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003)

(citations omitted).  That principle requires us to "discard the evidence of the accused in conflict

with that of the Commonwealth, and regard as true all the credible evidence favorable to the

Commonwealth and all fair inferences that may be drawn therefrom."  Kelly v. Commonwealth, 41

_____
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Va. App. 250, 254, 584 S.E.2d 444, 446 (2003) (*en banc*) (internal quotation marks and citations omitted).

One evening, a tire and rim were stolen from a vehicle owned by Jamel Roberts while the vehicle was at a Meineke muffler shop in Virginia Beach where Roberts had previously left it for repairs. Roberts testified he purchased tires and rims for his vehicle three years earlier for a total of $3,100. According to Roberts, he drove this vehicle to work on a regular basis and the rims had not been damaged in any way since his purchase of them.

On the afternoon of the day the tire and rim were stolen, Banks, a regular Meineke customer, was on the shop premises to discuss problems with one of his vehicles. The Meineke store manager testified that when he closed the shop that evening, all of the tires and rims were on Roberts' vehicle. Shortly after midnight, Officer Charles W. Nash was dispatched to the Meineke shop in response to an anonymous tip that someone was stealing tires from a vehicle behind the business. When Officer Nash arrived, Banks was walking fifty or sixty feet from the back driveway of the shop. This location was not near Banks' home and although there were some nightclubs in that vicinity, Banks was not walking in that direction. Officer Nash approached Banks but did not arrest him at that time.

At approximately 3:30 a.m., the police discovered a four-way lug wrench and some small chrome lug nuts in the trunk of a vehicle stopped at a Shell station and in which Banks was an occupant. None of these items belonged to the vehicle, which was owned by Banks' wife and ordinarily driven either by Mrs. Banks, Banks, or Mrs. Banks' son. Mrs. Banks testified she had never before seen the lug wrench found by the police in the vehicle, which she had owned for about thirty days.

Later in the morning after Mrs. Banks returned home, she could not find her key to a locked shed in the back of her house. She testified that only she, her landlord, and her son had a key to the

shed. When Mrs. Banks asked Banks if he knew where her key was, he told her he had the key and gave it to her. Upon opening the shed, Mrs. Banks discovered the stolen tire and rim and contacted Officer Nash.

## II. ANALYSIS

On appeal, Banks argues the evidence was insufficient to prove the value of the stolen tire and rim was $200 or greater and that he was the criminal agent who stole the tire and rim. Although proof that stolen items have some value will sustain a conviction for petit larceny, to convict Banks of grand larceny, the Commonwealth was required to prove the value of the stolen property was at least $200. See Code § 18.2-95(ii); Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 766 (2008). "This statutorily specified amount is an essential element of the offense, and the burden is upon the Commonwealth to establish that element by proof beyond a reasonable doubt." Robinson v. Commonwealth, 258 Va. 3, 5, 516 S.E.2d 475, 476 (1999). The relevant value is the "current value" of the stolen items, Dunn v. Commonwealth, 222 Va. 704, 705, 284 S.E.2d 792, 792 (1981) (*per curiam)*, "measured as of the time of the theft," Parker v. Commonwealth, 254 Va. 118, 121, 489 S.E.2d 482, 483 (1997). Although the original purchase price of an item is some evidence of its current value, there must be "due allowance for elements of depreciation" to reflect the "effect[s] of age and wear and tear on the value of an item." Dunn, 222 Va. at 705, 284 S.E.2d at 792.

We agree with Banks the evidence was not sufficient to prove the value of the stolen tire and rim was at least $200. Even if the evidence was sufficient for the trial court to infer an original cost of the stolen tire and rim based on the total amount paid for all four tires and rims, the evidence did not provide the trial court with sufficient information to determine the condition or age of the tires and rims on the purchase date or to account for any depreciation in the value of the stolen tire and rim. Although Roberts testified the rims had not been damaged since their

purchase three years prior to the theft, there was no evidence regarding the effects of age and ordinary wear and tear on the rims, and in particular the rim that was stolen. And there was no evidence at all regarding the condition of the tires or wear and tear on them at the time the tire was stolen.[1] Therefore, the evidence of value was insufficient to support Banks' conviction of grand larceny.

Banks also argues the evidence was insufficient to prove he was the criminal agent who committed the larceny of the tire and rim. Because Banks has successfully challenged the sufficiency of the evidence as to the value required for a grand larceny conviction, we must determine whether the evidence was sufficient to sustain a conviction of the lesser-included offense of petit larceny. See Crowder v. Commonwealth, 41 Va. App. 658, 666, 588 S.E.2d 384, 388 (2003). Larceny has been defined as "the wrongful or fraudulent taking of another's property without his permission and with the intent to permanently deprive the owner of that property." Britt, 276 Va. at 574, 667 S.E.2d at 765. Banks was seen on the Meineke premises on the afternoon before the theft and discovered by police near the premises on the evening of the theft. He was later found by police to be in his wife's vehicle, which contained a lug nut wrench and chrome lug nuts not belonging to that vehicle and which had never been seen before by Banks' wife. Banks had his wife's key to the locked shed on the property where he lived and in which the stolen tire and rim were found. Thus, the circumstantial evidence was sufficient to prove Banks was the criminal agent who took Roberts' tire and rim "without his permission and with the intent to permanently deprive [Roberts] of that property." Id. "Circumstantial evidence[,] when sufficiently convincing, is entitled to the same weight as direct evidence."

---

[1] While the Commonwealth may have presumed the value of the rims substantially exceeded the value of the tires when it elicited testimony from Roberts as to whether only the rims had been damaged, no such inference can be made particularly in the absence of evidence regarding the cost and condition of the tires alone.

- 4 -

Riner v. Commonwealth, 268 Va. 296, 303-04, 601 S.E.2d 555, 558-59 (2004) (citing Derr v. Commonwealth, 242 Va. 413, 424, 410 S.E.2d 662, 668 (1991); Epperly v. Commonwealth, 224 Va. 214, 228, 294 S.E.2d 882, 890 (1982)).

For the foregoing reasons, we reverse the trial court's judgment and vacate the conviction of grand larceny. We remand the case to the trial court solely for imposition of a new sentence on the lesser-included offense of petit larceny since both parties have consented to such relief. Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006); cf. Britt, 276 Va. 569, 667 S.E.2d 763.

Reversed and remanded.