COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Petty
Argued at Richmond, Virginia


KIMATHY J. BRANCH

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0220-09-1                       JUDGE ROBERT P. FRANK
                                                    MARCH 9, 2010
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                        Dean W. Sword, Jr., Judge

          Jessica M. Bulos, Assistant Appellate Defender (Office of the
          Appellate Defender, on briefs), for appellant.

          John W. Blanton, Assistant Attorney General (William C. Mims,
          Attorney General, on brief), for appellee.


        Kimathy J. Branch, appellant, was convicted, in a bench trial, of grand larceny, in violation

of Code § 18.2-95.  On appeal, he contends the trial court erred in finding that the value of the stolen

goods was $200 or more.[1]  For the reasons stated, we reverse and remand.

                                        BACKGROUND

        "On appeal, 'we review the evidence in the light most favorable to the Commonwealth

granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth,

26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App.

438, 443, 358 S.E.2d 415, 418 (1987)).  So viewed, on July 5, 2008, T.B. arrived at his vacant

rental property to find that every room had been vandalized, including the bathrooms and kitchen in

which the sinks had been "torn off the walls."  An outside air handler was "in disrepair."  Copper,

─────────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant does not challenge that he was the perpetrator of the larceny.

both inside the premises and outside, was removed. The property owner testified the property had been vandalized "for copper or metal." The outside central air conditioning unit had been stolen as well. When asked the value of the property taken, T.B. responded, "The insurance company estimated it between $29,000 and $32,000." On cross-examination, when asked what other than copper was taken from the premises, T.B. continued, "it's not so much what was missing, but what was the damage that was done." There was no further testimony about the value of the stolen items.

After the Commonwealth rested, appellant moved to strike the evidence, arguing the evidence was insufficient to prove he was the perpetrator. That motion was denied. Appellant put on no evidence and renewed his motion to strike on the same basis. The trial court found the evidence sufficient to convict, based on fingerprint evidence. At that point, appellant raised the value issue. The trial court responded that it did not know the exact value of the stolen goods, "but if you take a low number $29,000, there is plenty of legal room there to come to the conclusion that whatever was taken was worth more than $200." The trial court continued:

> Well, I agree that the insurance company is probably looking at something else entirely when they set a claim, but the only testimony we have is $29,000 to $32,000. I certainly would use the low figure. And as I said, it's not close. If it was close I'd give him the benefit of the doubt on the grand larceny as opposed to petty larceny, but there's so much disparity there. I mean, even if you reduce it 90 percent, you've still got $2,900.

At sentencing, the trial court refused to order restitution, concluding that "probably a lot of the expense . . . was damage that occurred to the premises as a part of ripping out the copper piping." The trial court noted appellant was charged with grand larceny, not destruction of property. The trial court then concluded it would not order restitution "simply because I don't have a number."

This appeal followed.

ANALYSIS

On appeal, appellant contends that because the insurance estimate of $29,000 to $32,000 included damage done to the vandalized property, as well as the stolen copper pipes and air conditioning unit, the value of the stolen items is based on pure speculation.

When considering a challenge that the evidence presented at trial is insufficient, we "presume the judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly wrong or without evidence to support it." Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002).

Larceny, a common law crime, is defined as the wrongful or fraudulent taking of another's property without his permission and with the intent to permanently deprive the owner of that property. Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001). Grand larceny is the taking, not from the person of another, of goods having a value of $200 or more. Code § 18.2-95; Tarpley, 261 Va. at 256, 542 S.E.2d at 763-64.

> The monetary amount specified in Code § 18.2-95 is an essential element of the crime of grand larceny, and the Commonwealth bears the burden of proving this element beyond a reasonable doubt. Although proof that stolen items have some value will sustain a conviction for petit larceny, a conviction for grand larceny requires proof that the value of the stolen goods is at least $200.

Britt v. Commonwealth, 276 Va. 569, 574, 667 S.E.2d 763, 765-66 (2008) (citations omitted).

Clearly, the Commonwealth must prove that the items stolen, as distinguished from those not stolen, have a value of $200 or more. Jones v. Commonwealth, 3 Va. App. 295, 300-01, 349 S.E.2d 414, 418 (1986).

Appellant cites Britt, 276 Va. 569, 667 S.E.2d 763, to support his position. The Commonwealth argues that Britt is distinguishable from this appeal.

In Britt, the evidence proved that the defendant broke into a convenience store and stole numerous packs of cigarettes. 276 Va. at 571, 667 S.E.2d at 764. After the break-in, other cigarette packs were found on the floor inside the store. Id. at 572, 667 S.E.2d at 764. At trial, the store owner testified that the total value of the cigarette packs – both those stolen and those found on the floor – was $410.59. Id. The Supreme Court of Virginia, in reversing Britt's conviction, held that because the total value included items that were not stolen, the amount was not competent evidence of the value of the items removed from the store. Id. at 575-76, 667 S.E.2d at 766.

Similarly, in this case, T.B. testified that the insurance company estimated the value of the items taken was $29,000 to $32,000. However, he later testified that it was not just what was stolen, but what was damaged. The Commonwealth had the opportunity to ask follow-up questions regarding T.B.'s opinion as to the value of the stolen goods, as opposed to the property damage, but it failed to do so.

Neither T.B. nor any other witness provided evidence of the specific value of the items stolen from T.B.'s property. In this case, the trial judge did not have sufficient evidence that the value of the goods stolen from T.B.'s property was at least $200.

The Commonwealth argues that because appellant failed to object to T.B.'s initial testimony that the value of the items taken was $29,000 to $32,000, the fact finder could consider that testimony. However, it is clear from the trial court's pronouncements that it rejected that testimony as the value. The trial court indicated it did not know the value of the stolen items. Further, while there was testimony that "all" the copper had been removed from the building, there was no testimony as to the cost of the copper or the amount of copper stolen. The record does not reveal the value of the central air conditioning unit. Nor was there evidence of the unit's age, condition, or operability.

Most telling was the trial court's failure to order restitution as a part of sentencing because it had insufficient evidence to determine the amount stolen as opposed to the amount of property damage. The trial court observed, as to restitution, "I don't think it has to be a beyond a reasonable doubt number, but I think it does have to be sort of a preponderance of the evidence . . . and I still don't think that's in the record."

Fact finders are not required to leave their common sense at the courtroom door. Indeed, as fact finders, they are entitled to use their common sense in considering the evidence. See Schneider v. Commonwealth, 230 Va. 379, 383, 337 S.E.2d 735, 737 (1985). However, common sense is not evidence and cannot supply a missing element of an offense when the evidence provides no basis for such an inference. There must be sufficient evidence presented at trial to prove the charged offense.

In this case, despite the extremely large numbers provided by the insurance estimate, there is no evidence indicating how much of that estimate was for stolen property, rather than property damage. Therefore, the trial court had no basis to determine the value of the copper or the air conditioning unit. In the absence of other evidence, the trial judge could not have determined the value of the stolen property without engaging in speculation. Thus, the evidence was insufficient to prove that the value of the goods stolen was $200 or more.

CONCLUSION

The trial judge erred in finding the Commonwealth's evidence sufficient to convict appellant of grand larceny. We therefore reverse the judgment of the trial court and remand the case to the circuit court for a new sentencing hearing on a conviction of petit larceny.[2]

Reversed and remanded.

---

[2] Both parties have agreed to re-sentencing in this case. Appellant agreed to such a disposition during oral argument. The Commonwealth filed a letter with the Court on January 20, 2010, consenting to imposition of a new sentence on the lesser offense in the event of a reversal. This appeal is governed by Commonwealth v. South, 272 Va. 1, 630 S.E.2d 318 (2006), in which both parties agreed to a remand for a new sentencing hearing. In Britt, 276 Va. 569, 667 S.E.2d 763, the Supreme Court of Virginia reversed this Court and remanded the case for a new trial on the lesser charge, because both parties had not consented to imposition of a new sentence only. See also Waller v. Commonwealth, 278 Va. 731, 738, 685 S.E.2d 48, 51 (2009).