COURT OF APPEALS OF VIRGINIA

Present:   Judges Haley, Alston and Senior Judge Clements
Argued at Alexandria, Virginia


THEODORE JAMES SHUCK

                                                MEMORANDUM OPINION* BY
v.        Record No. 1186-09-4                  JUDGE JAMES W. HALEY, JR.
                                                     SEPTEMBER 28, 2010

COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF WARREN COUNTY
                         Paul M. Peatross, Jr., Judge Designate

              Anne M. Williams (William August Bassler, PLC, on brief), for
              appellant.

              Karen Misbach, Assistant Attorney General II (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


                                  I.  INTRODUCTION

        Appealing his conviction for construction fraud in violation of Code § 18.2-200.1,

Theodore James Shuck argues (1) the evidence failed to prove he acted with fraudulent intent

and (2) the trial court erred in admitting evidence that a letter was sent by certified mail in the

absence of documentation showing a certified mailing.  We affirm.

                                   II.  BACKGROUND

        In August 2004, the victim ("the buyer") asked Shuck to replace a home furnace.[1]  Shuck

requested a down payment of $2,500 to order the replacement, with an additional $500 to be paid

later for labor.  These terms were contained in a written contract signed by the buyer and Shuck

on August 17, 2004.  The contract also called for removal of the old furnace and provided fifteen

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] We refer to the victim as "the buyer" in order to protect his privacy.

days to complete the project. The contract was written on the printed form of Professional Heating and Air Conditioning, which was Shuck's employer. Nonetheless, the buyer gave Shuck a check, written to Shuck personally, for the down payment.

After one to two weeks, the buyer had not heard from Shuck. He tried to contact him by phone several times and finally succeeded. The buyer requested Shuck to remove the old furnace, but Shuck stated the furnace had to be removed in pieces because of its size. After another brief interval, Shuck disassembled the furnace, though he did not remove it. The buyer continued to try to contact Shuck, largely without success.[2] The buyer later called another company, which completed the job. The buyer then sought to find Shuck to obtain a refund, but did not succeed. The buyer obtained an uncollectible judgment against Professional Heating and Air Conditioning.

In June 2006, the buyer sent Shuck a letter by certified mail, return receipt requested, demanding return of the $2,500 advance.[3] At trial, the buyer testified without objection that he sent the letter by certified mail, although the return receipt documentation was not introduced. The letter was admitted without objection.

Shuck testified he did not deposit the down payment with his employer, but rather cashed the personal check, using the funds to order a new furnace and to pay for other materials and labor. However, he claimed, before the contract was completed, the buyer called Professional Heating and Air Conditioning and expressed dissatisfaction. Shuck testified he believed that the buyer had fired him. Shuck also testified the furnace arrived at his supplier soon after the

---

[2] The buyer testified that after Shuck disassembled the furnace, the buyer "tried and tried and tried" to contact Shuck without success. Yet the buyer also stated he "mentioned to [Shuck] something about getting it out of there." Thus, it appears the buyer had some limited success in contacting Shuck.

[3] It is unclear from the record whether the buyer filed suit or sent the letter first.

buyer's phone call. Shuck claimed he did not retrieve it because he thought the buyer did not want it. Shuck testified that when he learned the buyer desired a refund, he called him and explained he could not immediately return the money since it had been given to the furnace supplier.

After a bench trial, the court found Shuck guilty. He now appeals.

### III. ANALYSIS

#### A. Fraudulent Intent

Shuck maintains the evidence was insufficient to prove he had a fraudulent intent when he made the contract with the buyer. We disagree.

On appeal, we view "the evidence in the light most favorable to the Commonwealth, the prevailing party in the circuit court, and we accord the Commonwealth the benefit of all reasonable inferences deducible from the evidence." Britt v. Commonwealth, 276 Va. 569, 573, 667 S.E.2d 763, 765 (2008). We ask only if "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Maxwell v. Commonwealth, 275 Va. 437, 442, 657 S.E.2d 499, 502 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We "will affirm the judgment unless the judgment is plainly wrong or without evidence to support it." Bolden v. Commonwealth, 275 Va. 144, 148, 654 S.E.2d 584, 586 (2008).

Code § 18.2-200.1 provides:

> If any person obtain from another an advance of money . . . with fraudulent intent, upon a promise to perform construction, removal, repair or improvement of any building or structure permanently annexed to real property, or any other improvements to such real property . . . and fail or refuse to perform such promise, and also fail to substantially make good such advance, he shall be deemed guilty of the larceny of such money . . . if he fails to return such advance within fifteen days of a request to do so sent by certified mail, return receipt requested, to his last known address or to the address listed in the contract.

Whether the defendant acted with fraudulent intent depends on the facts and circumstances of each case. Klink v. Commonwealth, 12 Va. App. 815, 819, 407 S.E.2d 5, 8 (1991). We examine "the conduct and representations of the defendant." Norman v. Commonwealth, 2 Va. App. 518, 519, 346 S.E.2d 44, 45 (1986). A factor probative of fraudulent intent is whether a defendant "did nothing in furtherance of fulfilling his promise." Id. at 521, 346 S.E.2d at 46. A fact finder may also infer from "evasive conduct and failure to communicate that [a defendant] never intended to complete the" project. McCary v. Commonwealth, 42 Va. App. 119, 128-29, 590 S.E.2d 110, 115 (2003); see also Rader v. Commonwealth, 15 Va. App. 325, 330, 423 S.E.2d 207, 211 (1992) (finding that "Rader's general lack of communication with the homeowners about the problems with the project is further evidence that he did not intend to complete the contract"). The relevant time for fraudulent intent is the time when the defendant obtains the advance. Mughrabi v. Commonwealth, 38 Va. App. 538, 548, 567 S.E.2d 542, 547 (2002).

Viewing the evidence in the light most favorable to the Commonwealth, Britt, 276 Va. at 573, 667 S.E.2d at 765, we conclude the evidence sufficed to support the conviction for construction fraud.[4]

---

[4] Although Shuck relies heavily upon Boothe v. Commonwealth, 4 Va. App. 484, 358 S.E.2d 740 (1987), where this Court found the evidence insufficient to prove fraudulent intent, we find that case distinguishable. The Boothe Court noted that the contract there specified no completion date. Id. at 491, 358 S.E.2d at 744. Here the contract provided only fifteen days for completion. Furthermore, in Boothe the contract was apparently made directly with the defendant, or the company he ran as a formality. Id. at 488-89, 358 S.E.2d at 742-43. Although the defendant could not account for the victim's advance payments, the contract did not prevent the defendant from immediately taking the money and freely spending it. Id. at 492, 358 S.E.2d at 745. In this case, while Shuck signed the contract, he acted as the agent of Professional Heating and Air Conditioning. Yet Shuck had the buyer's check made out to him personally, not to the company. Shuck testified he cashed the check and did not deposit the proceeds with the company. Finally, in Boothe, the defendant suffered from the illness and death of his father and weather conditions unconducive to work. Id. at 491, 358 S.E.2d at 744-45. This case lacks comparable reasons for not completing the contract.

First, for one to two weeks after the signing of the contract, despite several calls, the buyer had not heard from Shuck. Once contacted, Shuck disassembled the furnace, but did not remove it, and did no further work. The buyer then continued to attempt to contact Shuck, largely without success.

Second, Shuck never completed the work. The contract, signed on August 17, 2004, provided Shuck had fifteen days to complete it. Beyond disassembling the furnace, Shuck did no other work on the project.

Third, although the contract was on letterhead of Professional Heating & Air Conditioning and Shuck testified he worked for the company, Shuck had the buyer write the check to him personally. Shuck admitted he did not deposit the money with the company. That Shuck had the money given to him supports an intent to defraud. Cf. Orr v. Commonwealth, 229 Va. 298, 301, 329 S.E.2d 30, 32 (1985) (stating that if the defendant "had meant to defraud . . . he would have appropriated the proceeds of their check to his own use"). Although Shuck testified he called the buyer and explained he could not immediately provide a refund because the advance was with the furnace supplier, the buyer testified he tried to locate Shuck about the matter without success. The buyer eventually filed suit against Professional Heating and Air Conditioning. The fact finder could infer from these events a desire by Shuck to retain the money, thereby providing additional evidence of an intent to defraud.

Finally, the fact finder, having observed the testimony of the buyer and Shuck, could choose to credit the buyer's testimony, reject Shuck's, and regard Shuck's testimony as affirmative evidence of his guilt. Covil v. Commonwealth, 268 Va. 692, 696, 604 S.E.2d 79, 82 (2004). The trial court specifically stated Shuck's evidence was "not the evidence of what came forth" and that it had "some credibility problems" with Shuck.

B.  Certified Mail

Shuck maintains the trial court erred in admitting the buyer's testimony that he mailed a letter demanding a return of funds by certified mail, arguing this evidence violated the best evidence rule because the return receipt documentation was not introduced.  We find Shuck has not preserved this argument for review.  Furthermore, to the extent Shuck contends the evidence was insufficient regarding certified mail, we hold this falls outside the question presented and, accordingly, do not address it.

At trial, the buyer testified without objection that he mailed the letter by certified mail.  Defense counsel also did not object to the letter's admission.  Therefore, arguments concerning error in admitting this evidence were not preserved for appeal.[5]  Rule 5A:18.

Although Shuck maintains in his argument on brief that the evidence was insufficient concerning proof of certified mail, this argument was not contained within his question presented.  Shuck's question presented asks:  "Does the best evidence rule require the production of a document memorializing the transaction that a demand to return advanced funds was sent certified mail, return receipt requested, pursuant to Virginia Code § 18.2-200.1?"  The best evidence rule concerns the admissibility of evidence, not the sufficiency of evidence.  See Bradshaw v. Commonwealth, 16 Va. App. 374, 379, 429 S.E.2d 881, 884 (1993).  Shuck's question addresses only the admissibility of evidence.  The heading corresponding to this question, likewise, pertains only to admissibility:  "The trial court erred in admitting a witness' testimony alone as proof that a demand to return advanced funds was, in fact, sent by certified mail as required by Virginia Code § 18.2-200.1 (1950)."

_____

[5] Objections to the admissibility of evidence must be made when the evidence is offered. Kondaurov v. Kerdasha, 271 Va. 646, 655, 629 S.E.2d 181, 185 (2006).

Under Rule 5A:12(c), this Court would only consider errors assigned in questions presented.  See Painter v. Commonwealth, 47 Va. App. 225, 235-36, 623 S.E.2d 408, 413 (2005).  Nonetheless, we may not invoke this rule to prevent consideration of an appeal "without considering whether a party's failure to adhere strictly to the rule's requirements is insignificant, or so substantial as to preclude the court's addressing the merits of the case."  Moore v. Commonwealth, 276 Va. 747, 753, 668 S.E.2d 150, 154 (2008).

Arguments concerning the admissibility of evidence and the sufficiency of evidence raise different legal issues.  "The admissibility of evidence and the sufficiency of evidence are distinct issues."  Banks v. Mario Indus. of Va., Inc., 274 Va. 438, 455, 650 S.E.2d 687, 696 (2007).  "There is simply a different legal analysis involved in determining the admissibility of the evidence as opposed to its sufficiency to prove an element of the offense."  Bowling v. Commonwealth, 51 Va. App. 102, 107, 654 S.E.2d 354, 356-57 (2007).

Given the significantly different legal questions involved between admissibility and sufficiency, we hold Shuck's arguments concerning sufficiency significantly deviate from the question presented.  Moreover, the Commonwealth seeks enforcement of the Rule 5A:12(c) issue, which constitutes an important concern.  See Moore, 276 Va. at 756, 668 S.E.2d at 155.  Accordingly, we do not address Shuck's sufficiency arguments.

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.