COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Ortiz and Raphael
Argued at Richmond, Virginia


MATTHEW P. SERRI, S/K/A
 MATTHEW PAUL SERRI

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0629-21-2                      JUDGE DANIEL E. ORTIZ
                                                    JUNE 7, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENE COUNTY
Claude V. Worrell, Jr., Judge

Christopher C. Graham (Eustis & Graham, PC, on brief), for
appellant.

David M. Uberman, Assistant Attorney General (Jason S. Miyares,
Attorney General; Robert H. Anderson, III, Senior Assistant
Attorney General, on brief), for appellee.


A jury convicted Matthew Paul Serri of one count of larceny, third or subsequent offense,

under Code §§ 18.2-103 and 18.2-104.[1]  Serri asserts that the circuit court erred in denying his

pretrial motion *in limine*, in which he sought to exclude his testimony from a prior jury trial because

it showed his bad acts.  Because his testimony fell into an exception to the prior bad acts rule and

was not unduly prejudicial, the circuit court did not abuse its discretion, and we affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Code § 18.2-104 increased misdemeanor theft offenses to a felony when the accused
had two or more prior theft offenses on his or her criminal record.  Code § 18.2-104 was repealed
by the General Assembly in 2021.  2021 Va. Acts, Spec. Sess. I, ch. 192 (effective July 1, 2021).

BACKGROUND

Serri was indicted in the Greene County Circuit Court for malicious wounding, burglary, and larceny, third or subsequent offense, all related to events occurring on August 8, 2018. Serri's jury trial on the malicious wounding and burglary charges began February 11, 2020, and Serri testified in that trial the next day (February 12 testimony). Before his jury trial on the larceny charge, Serri filed a motion *in limine* seeking to exclude the February 12 testimony transcript. Serri asserted that his prior testimony "included statements that he had stolen many items from Walmart on many occasions in the past." Therefore, the Commonwealth wanted to introduce the evidence "for the sole purpose of showing that on August 8, 2018, he acted in conformity with these prior acts and thus had a propensity to steal on the occasion in question," violating Virginia Rule of Evidence 2:404(b).[2] The Commonwealth countered that it wanted to admit Serri's February 12 testimony under the party opponent exception to the hearsay rule and because it tended to prove his intent to steal.

At the hearing on Serri's motion *in limine*, the Commonwealth argued that the transcript was "extremely relevant to the . . . charges before the court" because it included evidence that Serri committed larcenies shortly before and shortly after the larceny for which he was on trial (larceny offense). The circuit court ruled that the Commonwealth could introduce evidence of other crimes

---

[2] Rule 2:404(b) states:

> Except as provided in Rule 2:413 or by statute, evidence of other crimes, wrongs, or acts is generally not admissible to prove the character trait of a person in order to show that the person acted in conformity therewith. However, if the legitimate probative value of such proof outweighs its incidental prejudice, such evidence is admissible if it tends to prove any relevant fact pertaining to the offense charged, such as where it is relevant to show motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or if they are part of a common scheme or plan.

to show a common scheme or plan, limited to "any theft that was either right before or right after what took place here in . . . Greene County."

At Serri's jury trial on the larceny charge, Abelardo Mondragon, a Ruckersville Walmart asset protection associate, testified that he noticed Serri inside the store at around 10:00 p.m. As Serri stood in front of Mondragon at the register, Mondragon noticed that Serri was "covered with blood on his hands and some on the face." Mondragon asked Serri if he participated in kick boxing or UFC; Serri said no. Serri then made his purchase and went inside the store. At around that time, someone notified Mondragon that an accident had occurred outside the store. Mondragon exited the store and saw that a black Mercedes had hit an SUV. The parties in the SUV were "agitated," so Mondragon told the Mercedes's driver to park nearby and wait for deputies to arrive. As Mondragon talked to the people in the SUV, a person walked out of the store and got into the Mercedes, which then left. Alerted by the people in the SUV, Mondragon noticed a shopping cart containing, among other items, a big pack of batteries with blood stains on it. Mondragon took the cart back inside the store and then reviewed the store's surveillance video.

Mondragon first captured a still frame from the store's surveillance video of himself and Serri standing in front of the register. While watching the video, Mondragon saw someone he was "sure" was Serri walking around the store and putting items inside a cart from various sections, including electronics, apparel, groceries, and health and beauty. Mondragon recognized Serri by the clothes he was wearing. The video then showed Serri leaving the store without paying for the items in the cart, walking to the Mercedes, loading as much as he could into the car, and then leaving in the car. Mondragon calculated the stolen items' value at $424.88.

After Mondragon testified, the Commonwealth read a partial transcript of Serri's February 12 testimony to the jury. In the transcript, Serri's counsel asked Serri on direct examination what he did in the Ruckersville Walmart. Serri responded in part: [3]

> A [A]llegedly I steal these batteries and some other items. . . .
>
> Q Do you remember doing that? . . .
>
> A I don't remember putting items in the car, I don't remember putting items in a buggy and I have not been shown a picture of me doing it but I'm not going to lie to you guys, for me to pick up a pack of batteries going in and out of Walmart, you know, on a day to day basis, for a crackhead or a dope fiend on the street, anything that's an easy pull is going to get you money and money is going to keep you high. You don't care about where you're living. You will get a shower later. You're going to go so grabbing them batteries was second nature.

On cross-examination, the prosecutor asked,

> Q Were you allegedly shoplifting from Walmart? Or, is that a fact?
>
> A No, that's definitely fact. I was caught.

The circuit court admitted the transcript into evidence; Serri did not object. [4]

Greene County Sheriff's Investigator Scott Murphy testified that he was called to the Walmart on August 8. Murphy had dealt with Serri before and recognized him on the surveillance video. While reviewing the video, Murphy observed the injuries to Serri's face, hands, and knuckles. He also collected the bloody pack of batteries from the shopping cart. [5]

---

[3] The following excerpt is the exact language the Commonwealth read into the record, which differs slightly from the original transcript, but the excerpt has been reformatted for readability.

[4] We assume without deciding that Serri preserved his assignment of error.

[5] The pack of batteries was later tested for DNA. The Department of Forensic Science returned a certificate of analysis concluding that the DNA profile develop from the blood stain on the battery packaging could not eliminate Serri as a contributor. But the Commonwealth did not use this evidence at trial.

- 4 -

After introducing certified copies of three conviction orders proving Serri committed at least two prior larcenies, the Commonwealth rested its case. The jury found Serri guilty of the offense and set his punishment at two years in jail. This appeal followed.

ANALYSIS

Serri asserts that the circuit court abused its discretion in admitting into evidence part of his February 12 testimony. He argues that the Commonwealth impermissibly used his February 12 testimony to show his propensity to commit the larceny offense. We find that the circuit court did not err in admitting the transcript.

I. Standard of Review

"[W]e review a trial court's decision to admit or exclude evidence" for abuse of discretion and "will not disturb a trial court's decision" unless it abused its discretion. *Kenner v. Commonwealth*, 299 Va. 414, 423 (2021) (alteration in original) (quoting *Avent v. Commonwealth*, 279 Va. 175, 197 (2010)). "In evaluating whether a trial court abused its discretion, . . . 'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" *Carter v. Commonwealth*, 293 Va. 537, 543 (2017) (alteration in original) (quoting *Grattan v. Commonwealth*, 278 Va. 602, 620 (2009)). "The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* at 543-44 (alteration in original) (quoting *Porter v. Commonwealth*, 276 Va. 203, 260 (2008)). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Lambert v. Commonwealth*, 70 Va. App. 740, 749 (2019) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

## II. Admission of the February 12 Testimony

> As a general rule, evidence which shows or tends to show that the accused is guilty of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is not admissible to show the accused's commission of the particular crime charged.

*Ortiz v. Commonwealth*, 276 Va. 705, 714 (2008). Yet many exceptions to this general rule may apply. *Id.* Bad acts evidence is admissible "if the evidence is relevant to some other issue in the case, such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or . . . a common scheme or plan' and 'the legitimate probative value of such proof outweighs its incidental prejudice.'" *Lambert*, 70 Va. App. at 750, 752 (quoting Va. R. Evid. 2:404(b)) (holding that the probative value of the defendant's gang membership outweighed its prejudice because it tended to prove an element of the crime, intimidation, and because the trial court gave the jury a cautionary instruction). "[T]he responsibility for balancing the competing considerations of probative value and prejudice rests in the sound discretion of the trial court" and "will not be disturbed on appeal" absent a clear abuse. *Ortiz*, 276 Va. at 715 (quoting *Spencer v. Commonwealth*, 240 Va. 78, 90 (1990)); *Kenner*, 299 Va. at 427 (holding that prejudicial evidence was admissible when it "was relevant to show the defendant's attitude and conduct towards the victim, to prove motive or method of committing the [crime] and . . . to prove elements of the offense").

In this case, the circuit court admitted part of Serri's February 12 testimony, and the Commonwealth read the testimony into the record. Although Serri's February 12 testimony was redacted considerably for the jury, the transcript's context showed that Serri's testimony referred to his actions in Walmart on the day he committed the larceny offense. Indeed, Serri admitted he went into Walmart on that day and stole the pack of batteries Mondragon later found with Serri's blood on it in the shopping cart. Serri explained that "grabbing them batteries was second nature." The

Commonwealth asked Serri if he was shoplifting from Walmart, and Serri responded, "that's definitely fact. I was caught." Thus, Serri's February 12 testimony was admissible under the "party opponent" exception to the hearsay rule to prove Serri admitted to committing the offense. Va. R. Evid. 2:803 (noting that the hearsay rule does not exclude "[a] statement offered against a party that is . . . the party's own statement" even when the party is available to testify).

Moreover, as the circuit court found in ruling on Serri's motion *in limine*, Serri's February 12 testimony tended to prove a common plan. A common plan "describes crimes that are related to one another for the purpose of accomplishing a particular goal." *Scott v. Commonwealth*, 274 Va. 636, 646 (2007). Evidence of a common plan often serves to prove identity, motive, or intent to commit the crime at issue. *See id.* (holding that the defendant's multiple robberies were not a common scheme or plan because no proof showed that the offenses related to each other to accomplish a particular goal); *Powell v. Commonwealth*, 267 Va. 107, 140 (2004) (holding that evidence of the rape and attempted murder of a murder victim's sister was admissible to show a common criminal scheme because the acts were part of the defendant's general plan).

To the extent that the February 12 testimony includes a suggestion that Serri regularly steals from Walmart, we find its prejudicial effect to be minimal and, at any rate, outweighed by its probative value. Indeed, Serri explained, "for me to pick up a pack of batteries, going in and out of the Walmart, um, you know on a day to day basis—for a crackhead, or a dope feign [sic] on the street . . . is gonna get you money. And, money is gonna keep you high." While Serri's statement references prior bad acts, we conclude that this portion of the February 12 testimony was admissible under Rule 2:404(b) to show Serri's common plan, rather than his propensity to commit larceny. In other words, the fact that Serri may go in and out of Walmart on a day-to-day basis was not used to prove he was the person in the store stealing on August 8; his own admission proved that. Rather, the testimony was useful to prove his intent and motive for going into the store in the first place—to

steal items in order to get money to buy drugs. Larceny is defined as "the wrongful or fraudulent taking of another's property without his permission and with the *intent* to permanently deprive the owner of that property." *Brown v. Commonwealth*, 54 Va. App. 107, 119 (2009) (emphasis added) (quoting *Britt v. Commonwealth*, 276 Va. 569, 574 (2008)). Thus, the February 12 testimony not only showed Serri's common plan to steal items to pay for drugs, but also tended to prove one of the crime's elements.

In sum, the probative value of Serri's February 12 testimony far outweighed any prejudice he might have suffered by its admission. Serri's February 12 testimony was an admission of guilt to the larceny offense, and it was useful for proving his common plan, intent, and motive to steal on the night of the offense and for proving an element of the offense. Thus, we cannot conclude that the circuit court abused its discretion in denying Serri's motion *in limine*. We affirm the circuit court's ruling.

CONCLUSION

We hold that the circuit court did not err in denying Serri's motion *in limine* seeking to exclude Serri's February 12 testimony because the testimony fell under an exception to the bad acts rule and was not unduly prejudicial. Thus, we affirm the conviction.

*Affirmed.*