**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2009

Charles R. Fulbruge III
Clerk

No. 08-10132

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE JUAN ARGUMEDO-PEREZ,
also known as Carlos Alberto Guerra-Juarez

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:07-CR-59

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Juan Argumedo-Perez pled guilty to remaining in the United States illegally in violation of 8 U.S.C. § 1326 and was sentenced to 30 months in prison. He challenges an aggravated felony sentencing enhancement for theft applied because of a prior conviction in Virginia for grand larceny. Under Virginia law, however, and the record of conviction, Argumedo-Perez's conduct does not necessarily fall within this court's generic definition of theft. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

this error affected his substantial rights, we VACATE Argumedo-Perez's sentence and REMAND this case for resentencing.

## I. Background

Argumedo-Perez pled guilty to being an alien found in the United States illegally.  *See* 8 U.S.C. § 1326.  The Sentencing Guidelines state: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony, increase by 8 levels."  U.S.S.G. § 2L1.2(b)(1)(C).  For this subsection, aggravated felony takes the meaning of 8 U.S.C. § 1101(a)(43), which is § 101 of the Immigration and Nationality Act. U.S.S.G. § 2L1.2 cmt. n.3.  This statute, in turn, defines aggravated felony to include "a theft offense (including receipt of stolen property) . . . for which the term of imprisonment at [sic] least one year."  8 U.S.C. § 1101(a)(43)(G).

Argumedo-Perez has a 1992 conviction in Virginia for grand larceny. Accordingly, the district court enhanced Argumedo-Perez's sentence eight levels, reflecting a finding that this Virginia conviction was for a theft offense. Argumedo-Perez did not object.

On appeal, he argues that under Virginia law grand larceny does not meet this court's definition of theft offense.  That being the case, Appellant contends, the court should have applied a four-level enhancement, yielding a sentence range of 15-21 months based on his criminal history, rather than the 24-30 month range that the court used.  Whether this alleged sentencing mistake is "plain error" is the issue on appeal.

## II. Standard of Review

Because Argumedo-Perez did not object at sentencing, we review his sentence for plain error. FED. R. CRIM. P. 52(b); *United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008).  Under plain-error review, relief is not warranted unless (1) there has been a legal error, (2) the error is plain, *i.e.* clear or obvious, and (3) the error affects substantial rights.  *United States v. Olano*,

507 U.S. 725, 732-37, 113 S. Ct. 1770, 1776-79 (1993); *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Further still, a court "should exercise its discretion to correct plain error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Jones v. United States*, 527 U.S. 373, 389, 119 S. Ct. 2090, 2102 (1999) (internal quotation marks omitted).

## III. Discussion

To determine whether Argumedo-Perez's Virginia grand larceny conviction qualifies as a theft offense (or any other enumerated offense in the Guidelines), the court uses a common sense approach to determine if a prior conviction is categorically an enumerated offense. *See United States v. Dentler*, 492 F.3d 306, 313 (5th Cir. 2007); *United States v. Carbajal-Diaz*, 508 F.3d 804, 808-09 (5th Cir. 2007).[1] First, the court considers the statutory definition for the conviction. *Id.* at 807 (citing *Taylor v. United States*, 495 U.S. 575, 110 S. Ct. 2143 (1990)). If all methods of violating the statute would fit within the generic definition of the offense, the conviction qualifies as the enumerated offense, and the inquiry ceases. *Id.* Otherwise, the court may look to the charging papers, plea agreement, and the plea colloquy, "only to the extent . . . necessary to the verdict or plea," to determine whether the facts of the crime fit within the generic definition of the offense. *Id.* at 807–09 (citing *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005)); *see also United States v. Gomez-Gomez*, 547 F.3d 242, 245 n.3 (5th Cir. 2008) (en banc) (citing with approval this approach to enumerated offenses).

This court generically defines a "theft offense" as the "taking of property or an exercise of control over property *without consent* with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation

---

[1] Our use of the record of conviction is different if analyzing whether the prior conviction falls within the residual clause for a crime of violence enhancement. *Carbajal-Diaz*, 508 F.3d at 808 & n.3 (citing U.S.S.G. § 2L1.2 cmt. 1(B)(iii)). Such an enhancement is not at issue here.

is less than total or permanent." *Martinez v. Mukasey,* 519 F.3d 532, 540 (5th Cir. 2008) (emphasis in original) (quoting *Burke v. Mukasey*, 509 F.3d 695, 697 (5th Cir. 2007)). Relevant here, *Martinez* stressed the distinction between theft and fraud, stating that obtaining property without consent is a critical element of theft whereas fraud is accomplished with the victim's fraudulently obtained, but voluntary, consent. *Martinez*, 519 F.3d at 540–41 (ruling that a theft offense, 8 U.S.C. § 1101(a)(43)(G), does not include bank fraud, 18 U.S.C. § 1344, and distinguishing theft from a fraud offense, 8 U.S.C. § 1101(a)(43)(M)).

Argumedo-Perez's prior conviction for grand larceny does not fit neatly into either of these two categories—fraud or theft. He was convicted under Virginia Code § 18.2-95 for grand larceny.[2] That statute does not define larceny, however. It merely deems larceny under certain circumstances to be grand larceny and defines the punishment for that crime.

Instead, Virginia uses a common-law definition of larceny, which its supreme court defines as "the wrongful or *fraudulent* taking of another's property without his permission and with the intent to permanently deprive the owner of that property." *Britt v. Commonwealth*, 667 S.E.2d 763, 765 (Va. 2008) (emphasis added). Even though this definition contemplates fraud committed without the victim's consent, the Virginia Supreme Court has explained that

---

[2] Virginia Code § 18.2-95 states:

Grand larceny defined; how punished.

Any person who (i) commits larceny from the person of another of money or other thing of value of $5 or more, (ii) commits simple larceny not from the person of another of goods and chattels of the value of $200 or more, or (iii) commits simple larceny not from the person of another of any firearm, regardless of the firearm's value, shall be guilty of grand larceny, punishable by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.

personal property acquired with fraudulently obtained consent will sustain a larceny conviction. *Skeeter v. Commonwealth*, 232 S.E.2d 756, 758 (Va. 1977), *Bourgeois v. Commonwealth*, 227 S.E.2d 714, 717 (Va. 1976). Therefore, a conviction in Virginia for larceny does not fit categorically within this court's generic definition of theft, a point which the Government concedes.

Looking to the record of conviction, the indictment is the only document included in the appellate record that provides details about Argumedo-Perez's offense. It states, in pertinent part, that Argumedo-Perez "did steal personal property having a value of $200.00 or more, belonging to [name omitted], in violation of Virginia Code Section 18.2-95." Although a common sense understanding of "steal" would largely, if not completely, overlap with theft, Virginia courts have sustained convictions for grand larceny where the defendant was indicted for stealing by fraudulently obtaining another's property. *Skeeter*, 232 S.E.2d at 758; *Stokes v. Commonwealth*, 641 S.E.2d 780, 782, 784 (Va. App. 2007) (upholding a conviction for grand larceny where the defendant was indicted for "steal[ing]" by defrauding a bank); *see also Riegert v. Commonwealth*, 237 S.E.2d 803, 804, 808 (Va. 1977) (indicted for stealing, defendant's conviction for larceny by false pretenses was overturned on unrelated grounds).

The facts in *Skeeter* illustrate this proposition. There, the defendant offered to obtain three color televisions for a police informant at a deep discount. *Skeeter*, 232 S.E.2d at 757. The informant provided Skeeter with $200 for the televisions, which Skeeter turned over to a third-party accomplice. *Id*. After waiting to no avail for the accomplice to deliver the TVs, Skeeter insisted that his accomplice had either duped them or, alternatively, that they, Skeeter and the informant, would have to meet the accomplice elsewhere. *Id*. The police eventually intervened and arrested Skeeter. *Id*. at 758.

Skeeter's indictment alleged that he "did steal" the $200 from the informant and charged him with grand larceny. *Id*. Skeeter was convicted and

argued on appeal that he was not guilty of larceny because the informant voluntarily parted with his money. *Id.* The court disagreed, upholding the conviction and ruling that Skeeter committed larceny "upon the pretence [sic] of obtaining color television sets for a grossly inadequate price." *Id.*

Nevertheless, the Government argues that Virginia has three separate theft offenses—grand larceny, larceny by false pretenses, and embezzlement—and that the meaning of each and their use does not overlap.[3] Had Argumedo-Perez committed anything resembling fraud, the Government argues, he would have been indicted for larceny by false pretenses, and the indictment would allege an element of deception, which it does not.[4] However, the Government fails to persuasively distinguish *Skeeter* and other authorities cited by Argumedo-Perez where Virginia courts have upheld convictions for grand larceny on facts that might also satisfy Virginia's definition of larceny by false pretenses or the commonly understood definition of fraud.[5] *See, e.g.*, *Bourgeois v. Commonwealth*, 227 S.E.2d 714, 717 (Va. 1976); *Bateman v. Commonwealth*, 139 S.E.2d 102, 106 (Va. 1964); *Lewis v. Commonwealth*, 91 S.E. 174, 175 (Va. 1917)("It has been repeatedly held by this court that, upon an indictment for

---

[3] This contention is obviously wrong regarding embezzlement, VA. CODE ANN. § 18.2-111, which expressly allows the government to indict for larceny and prove embezzlement. *Id.* ("Proof of embezzlement shall be sufficient to sustain the charge of larceny.")

[4] The elements of larceny by false pretenses in Virginia are: "(1) an intent to defraud; (2) an actual fraud; (3) use of false pretenses for the purpose of perpetrating the fraud; (4) accomplishment of the fraud by means of the false pretenses used for the purpose, that is, the false pretenses to some degree must have induced the owner to part with his property." *Riegert v. Commonwealth*, 237 S.E.2d 803, 807 (Va. 1977). In addition, "both title to and possession of property must pass from the victim to the defendant (or his nominee)." *Baker v. Commonwealth*, 300 S.E. 2d 788, 788 (Va. 1983).

[5] Previously this court has cited, but without formally adopting, the definition of fraud from Black's Law Dictionary, which is, "a knowing misrepresentation of the truth or concealment of a material fact to induce another to act to his or her detriment." *Omari v. Gonzales*, 419 F.3d 303, 307 (5th Cir. 2005) (citing BLACK'S LAW DICTIONARY 413 (7TH ED. 1999)).

larceny, proof that the accused obtained money by false pretenses will sustain the indictment."). In other words, in Virginia one may be indicted and convicted for grand larceny even though one has committed larceny by false pretenses, and therefore, on the basis of the conviction and the indictment, we simply do not know what Argumedo-Perez did.

Because a conviction in Virginia for grand larceny based on an indictment that alleges "steal[ing]" does not preclude Argumedo-Perez's having taken property with the victim's consent, he did not commit "theft" under this court's generic definition. This error was "plain" because this court has distinguished fraud from theft, and Virginia's definition of grand larceny makes no such distinction, covering both theft and fraud. Although Argumedo-Perez's indictment used the word "steal," Virginia caselaw establishes that indictments alleging stealing and charging grand larceny can also sustain convictions for fraud, which in Virginia is larceny by false pretenses.

We must move to the final parts of the plain error test and consider whether Argumedo-Perez has proved that this error affected his substantial rights and whether our failure to correct it would impugn the fairness, integrity or public reputation of the proceedings. Had the court properly applied the enhancement for "a conviction for any other felony," the appropriate sentencing range would have been 15 to 21 months, *see* U.S.S.G. §2L1.2(b)(1)(D), rather than the 24-30 month range on which the court relied. The court sentenced Argumedo-Perez to 30 months because he "believe[s] this sentence does adequately address the sentencing guidelines of punishment and deterrence." No other remarks in the sentencing transcript provide a basis for concluding that the sentence did not result from an incorrect application of the eight level enhancement. There is thus a reasonable probability that but for the erroneous enhancement the district court would have given Argumedo-Perez a lower sentence. *United States v. Price*, 516 F.3d 285, 289 (5th Cir. 2008). Accordingly,

the erroneous sentencing enhancement affected Argumedo-Perez's substantial rights.

With respect to the final discretionary call, we are not insensitive to the analysis and concerns recently expressed by the court in *United States v. Ellis*, __ F.3d ___, No. 07-11276, 2009 WL 783262 (5th Cir. Mar. 26, 2009), which in that case led to a rejection of a sentencing-related plain error appeal. *Ellis* explained at length why the alleged error in calculating a sentence range based upon a defendant's previous North Carolina conviction for attempted common law robbery might not constitute error at all. Indeed, many paragraphs of Fifth Circuit review were necessary to speculate how that state conviction fit within the generic, contemporary definition of federally enumerated offenses, the talisman for our review of sentencing enhancements under U.S.S.G §§ 2L1.2 and 4B1.1. *Ellis* ultimately rejects exercising discretion to order resentencing based on the lack of certainty in finding "plain" error there, plus the "powerful institutional interests" in preserving the respective roles of trial and appellate courts.

*Ellis* affords a sensible caution to our conflating plain and preserved error standards of review. On careful reflection, however, we conclude that the error in characterizing appellant's instant Virginia conviction as theft under the guidelines was "plain" because Virginia's common law substantially overlaps fraud and theft crimes. We exercise our discretion to correct the error in order to align this sentence with the proper guidelines methodology and to attempt to fulfill their purpose of producing consistent criminal sentencing.

## IV.  Conclusion

For the foregoing reasons Argumedo-Perez's sentence is **VACATED and REMANDED for RESENTENCING.**