# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2011

Lyle W. Cayce
Clerk

No. 10-40679
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR BLANCAS-ROSAS, also known as Jaime Chihualqueno, also known as
Manuel Acevedo, also known as Izzeguil Ponce,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-104-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Victor Blancas-Rosas pled guilty to one count of being in the United States
illegally after having been convicted of an aggravated felony and deported. His
sentence was enhanced under U.S.S.G. § 2L1.2(b)(1)(C) for a prior Texas
conviction for engaging in an organized criminal activity involving vehicle theft,
which was deemed an "aggravated felony." Blancas-Rosas did not object to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

enhancement.   He now appeals, arguing that his theft offense was not an aggravated felony.

Because Blancas-Rosas failed to raise this issue in the district court, we review it only for plain error.  *See United States v. Rodriguez-Parra*, 581 F.3d 227, 229 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1544 (2010).   To show plain error, Blancas-Rosas must show a clear or obvious error that affected his substantial rights.  *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he does so, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings.  *See id.*  An error is clear or obvious if "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it." *United States v. Frady*, 456 U.S. 152, 163 (1982).  A legal error is not clear or obvious if it is subject to reasonable dispute.  *Rodriguez-Parra*, 581 F.3d at 231 (finding error, but not a clear or obvious error).

To determine whether Blancas-Rosas's theft-based offense qualifies as an aggravated felony, this court looks at the Texas theft statute to determine if it sufficiently matches the generic definition of theft "as that offense is understood in its ordinary, contemporary, and common meaning."  *See United States v. Castillo-Morales*, 507 F.3d 873, 875 (5th Cir. 2007) (quotation marks and citation omitted).  If the state theft statute allows a conviction for conduct outside the generic definition, a conviction under that statute is not automatically a conviction for the enumerated offense. *See United States v. Rojas-Gutierrez*, 510 F.3d 545, 548 (5th Cir. 2007).  Blancas-Rosas must at least show "a realistic probability, not a theoretical possibility," that Texas would apply its theft statute to conduct beyond the generic definition of theft.   *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

Theft, including receipt of stolen property, is listed as an aggravated felony under 8 U.S.C. § 1101(a)(43)(G).  We have defined theft to consist, in relevant part, of the taking of property without the consent of the owner.  *See Nolos v.*

*Holder*, 611 F.3d 279, 285 (5th Cir. 2010). Blancas-Rosas contends that the Texas statute defines theft more broadly than the generic definition because it allows a conviction in some circumstances without proof that the owner did not consent to the appropriation of property.

Texas law defines theft as the unlawful appropriation of property with the intent to deprive the owner of the property. Tex. Penal Code § 31.03(a). Appropriation is unlawful in three circumstances. *Id*. at § 31.03(b)(1)-(3). Blancas-Rosas concedes that his prior offense would be generic theft under subsection (b)(1), which expressly concerns appropriation without the owner's effective consent. *See id*. at § 31.03(b)(1). We need not address the applicability of subsection (b)(2), which concerns the knowing receipt of stolen property, because Blancas-Rosas has not briefed the issue. *See United States v. Reyes,* 300 F.3d 555, 558 n.2 (5th Cir. 2002). Regardless, the owner's lack of consent is implicit under subsection (b)(2), because the knowing receipt of stolen property "is tantamount . . . to a knowing exercise of control without consent of the owner." *Chavez v. State*, 843 S.W.2d 586, 588 (Tex. Crim. App. 1992); *cf. also* 8 U.S.C. § 1101(a)(43)(G) (defining theft to include "receipt of stolen property").

Blancas-Rosas argues that subsection (b)(3) permits a person to be convicted of theft without proof that the taking was without the consent of the owner. Under that subsection, appropriation is unlawful where "property in the custody of any law enforcement agency was explicitly represented by any law enforcement agent to the actor as being stolen and the actor appropriates the property believing it was stolen . . . ." Tex. Penal Code § 31.03(b)(3). Blancas-Rosas's contention thus depends on the existence of some "realistic probability" that the owner of property used in a "sting" under subsection (b)(3) may consent to the taking of the property. *See Duenas-Alvarez*, 549 U.S. at 193-94.

Texas statutory law and jurisprudence plainly establish that theft under the circumstances of Section 31.03(b)(3) is not committed with the owner's consent because consent given for purposes of detecting a crime is not effective.

3

*See* Tex. Penal Code § 31.01(3)(D); *Jarrott v. State*, 1 S.W.2d 619, 621-22 (Tex. Crim. App. 1927).  A property owner who allows his property to be used as bait in order to catch a thief does "not consent to any appropriation of his [property] . . . nor to any taking of same further than was deemed necessary to apprehend and detect the thief." *Jarrott*, 1 S.W.2d at 621-22 (collecting cases). The corollary of this principle is that the owner's lack of consent is inherent in the crime proscribed by Section 31.03(b)(3).  Blancas-Rosas fails to show even a theoretical legal possibility that a violation of subsection (b)(3) can be accomplished with the consent of the owner of the stolen property.  *See Duenas-Alvarez*, 549 U.S. at 193-94.

*Colson v. State*, 848 S.W.2d 328 (Tex. App.–Amarillo 1993, pet. ref'd), on which Blancas-Rosas relies, is not to the contrary.  *Colson* did not abrogate the principle that an owner of property does not consent to its appropriation by allowing it to be used to catch a thief; nor did it suggest that the appropriation of property under Section 31.03(b)(3) could occur with consent.  *Cf. Colson*, *id.* at 330-32 & n.4.  *Colson* merely explained that the indictment provided adequate notice of the charged crime by alleging a violation of Section 31.03(b)(3), without any need to further allege a specific ground on which the owner's consent was ineffective under Section 31.01(3)(B) (then designated Section 31.04(4)(B)).  *Id.* at 331.

Blancas-Rosas has failed to show a clear or obvious error in the district court's conclusion that he committed an aggravated felony by engaging in an organized crime involving the theft of motor vehicles.  The judgment of the district court is AFFIRMED.