## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2011

No. 10-40972

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JESUS JUAREZ-GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
2:10-CR-420-1

Before REAVLEY, GARZA, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jesus Juarez-Gonzalez (Juarez) pleaded guilty to one count of having been found unlawfully present in the United States after deportation, in violation of 8 U.S.C. § 1326(a) and (b). The presentence investigation report (PSR) calculated a base offense level of eight under USSG § 2L1.2(a). The PSR recommended an eight-level enhancement under USSG § 2L1.2(b)(1)(C) on the basis of Juarez's three prior convictions for third-degree theft in Washington in 1998. The PSR recommended a three-level decrease for acceptance of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-40972

responsibility pursuant to USSG § 3E1.1.  A total offense level of thirteen and a criminal history category of IV put Juarez's sentence in a range of twenty-four to thirty months.  Juarez did not object to the PSR.  On September 16, 2010, the district court sentenced Juarez to twenty-four months in the custody of the Federal Bureau of Prisons, with three years of supervised release.[1]  Subsequently, Juarez appealed, asserting that the district court committed plain error by treating the three prior Washington convictions as "aggravated felonies" under USSG § 2L1.2(b)(1)(C).

## STANDARD OF REVIEW

This court reviews the district court's interpretation or application of the Sentencing Guidelines de novo and its factual findings for clear error.  *United States v. Trujillo*, 502 F.3d 353, 356 (5th Cir. 2007) (citing *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  If a factual finding is plausible in light of the record as a whole, it is not clearly erroneous.  *Huerta*, 182 F.3d at 364.  "Where, as here, the defendant fails to object to his sentence during sentencing, we review the District Court's sentencing decision for plain error."  *United States v. Ronquillo*, 508 F.3d 744, 748 (5th Cir. 2007).  To establish plain error, the defendant must show an error that has not been affirmatively waived, that is clear or obvious, and that affects his substantial rights.  *See Puckett v. United States*, 129 S.Ct. 1423, 1429, 556 U.S. 129, 173 L.Ed. 2d 266 (2009).

## DISCUSSION

**I. Whether the district court committed reversible plain error when it treated Juarez's prior Washington convictions for third-degree theft as "aggravated felonies" under USSG § 2L1.2(b)(1)(C).**

---

[1] The district court judge indicated that she had intended to sentence Juarez to thirty months, but misspoke and imposed a twenty-four month sentence.

No. 10-40972

Juarez asserts that the district court erred in concluding his prior Washington convictions for third-degree theft qualified as "aggravated felonies" under USSG § 2L1.2(b)(1)(C) and 8 U.S.C. § 1101(a)(43)(G). Juarez asserts that Washington's definition of theft encompasses conduct broader than the generic definition of theft including theft of services and theft by deception. Further, Juarez asserts that the state court documents in the record fail to establish any of the convictions in the record as a conviction qualifying as an aggravated felony. Juarez also asserts that this plain error affected his substantial rights.

The Government asserts that the inclusion of theft of services in the Washington theft statute does not result in a broader definition than the generic definition adopted by this court. The Government further asserts that Juarez fails to meet his burden to demonstrate that the lack of court documents affects the public reputation, fairness, and integrity of the judicial proceedings.

Under § 1326(a), the statutory maximum sentence for illegal reentry with no enhancements is two years in prison. 8 U.S.C. § 1326(a). *See also United States v. Zavala-Sustaita*, 214 F.3d 601, 603 (5th Cir. 2000). If a defendant illegally reenters after a conviction for three or more misdemeanors involving drugs, crimes against the person, or both, or a felony and subsequent removal, the maximum sentence increases to 10 years. 8 U.S.C. § 1326(b)(1). If a defendant illegally reenters after a conviction for an aggravated felony and subsequent removal, the maximum sentence increases to 20 years. 8 U.S.C. § 1326(b)(2).

The degree of sentence enhancement depends on the provisions of § 2L1.2, the Guideline that implements § 1326. *Zavala-Sustaita*, 214 F.3d at 603. Section 2L1.2 provides that the base offense level for illegally reentering the United States shall be increased by eight levels if the defendant has a prior aggravated felony conviction. USSG § 2L1.2(b)(1)(C). The term aggravated felony is defined in 8 U.S.C. § 1101(a)(43), without regard to the date of

No. 10-40972

conviction for the aggravated felony. USSG § 2L1.2, comment. (n.3(A)). That statute, in turn, defines aggravated felony to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." § 1101(a)(43)(G) (internal footnote omitted).

Because the Guidelines do not further define a "theft offense," this court uses "a common sense approach" to define the enumerated crime by its "generic, contemporary meaning." *United States v. Torres-Diaz*, 438 F.3d 529, 536 (5th Cir. 2006) (using the common sense approach to define aggravated assault); *United States v. Argumedo-Perez*, 326 F. App'x 293, 295-96 (5th Cir. 2009)(unpublished)(using the common sense approach to define theft). To establish the generic, contemporary meaning of theft, this court may look, among other things, to the Model Penal Code, federal statutes, modern state codes, dictionaries, and treatises. *See Torres-Diaz*, 438 F.3d at 536; *United States v. Velez-Alderete*, 569 F.3d 541, 544 (5th Cir. 2009).

The Model Penal Code § 223.6 provides that a person is guilty of theft by receiving stolen property:

> if he purposely receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with purpose to restore it to the owner. "Receiving" means acquiring possession, control or title, or lending on the security of the property.

Model Penal Code § 223.6(1).

More recently, this court generically defined the phrase "theft offense (including receipt of stolen property)" under § 1101(a)(43)(G) to mean "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Nolos v. Holder*, 611 F.3d 279,

285 (5th Cir. 2010) (an immigration case); *see United States v. Blancas-Rosas*, 414 F. App'x 634, 636 (5th Cir. 2011) (unpublished) (using the *Nolos* definition in a direct criminal appeal involving the application of the eight-level enhancement under § 2L1.2(b)(1)(C)).

In the instant case, the probation officer considered the following convictions for purposes of the § 2L1.2(b)(1)(C) enhancement: (1) third-degree theft in Washington in June 1998, for which Juarez was sentenced to one year in jail suspended; (2) third-degree theft in Washington in July 1998, for which Juarez was sentenced to one year in jail suspended; and (3) third-degree theft in Washington in October 1998, for which Juarez was sentenced to one year in jail. *See* Wash. Rev. Code Ann. § 9A.56.020(1) (1998) (theft), § 9A.56.050 (1998) (theft in the third degree).

To determine whether Juarez's theft convictions constitute aggravated felony convictions for purposes of the § 2L1.2(b)(1)(C) enhancement, this court uses the categorical approach. *See Torres-Diaz*, 438 F.3d at 536. Under that approach, this court reviews the criminal statute under which the defendant was convicted, examining the statutory elements of the crime, rather than the underlying facts. *Id*.; *Taylor v. United States*, 495 U.S. 575, 598-99 (1990). However, if the statute at issue is divisible and criminalizes conduct that constitutes a theft offense within the generic definition of theft and conduct that does not, the district court, using the modified categorical approach, may also consider the charging papers, a written plea agreement, a guilty plea transcript, jury instructions, and factual findings made by a trial judge to which the defendant assented to determine whether the prior crime constitutes a theft offense. *United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297-98 (5th Cir. 2008) (using the modified categorical approach to determine whether the defendant's prior conviction was a crime of violence for purposes of § 2L1.2(b)(1)(A)(ii)); *see also Nolos*, 611 F.3d at 285 (using the modified categorical approach to

No. 10-40972

determine whether the defendant's prior conviction was a theft offense for purposes of § 1143(a)(43)(G)).

In 1998, the year Juarez was convicted of all three theft offenses, Washington law defined theft as follows:

> (a)     To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services; or
>
> (b)     By color or aid of deception to obtain control over the property or services of another or the value thereof, with intent to deprive him of such property or services; or
>
> (c)     To appropriate lost or misdelivered property or services of another, or the value thereof, with intent to deprive him of such property or services.

Wash. Rev. Code Ann. § 9A.56.020(1) (1998).  "A person is guilty of theft in the third degree if he commits theft of property or services which does not exceed two hundred fifty dollars in value." Wash. Rev. Code Ann. § 9A.56.050(1) (1998). Theft in the third degree is a gross misdemeanor in Washington.  Wash. Rev. Code. Ann. § 9A.56.050(2) (1998).

Juarez argues that Washington's theft definition is broader than this court's generic theft definition because Washington's definition includes theft of services.  Juarez's argument has merit.  The Model Penal Code and this court have specifically defined theft to mean the deprivation of property.  Model Penal Code § 223.6(1); *Nolos*, 611 F.3d at 285.  Every subsection of the Washington statute, on the other hand, defines theft to include deprivation of property or deprivation of services.  The Government argues that this court has included deprivation of services in its theft definition, citing *Nolos* in support of its argument.  However, *Nolos* is distinguishable from the instant case.

In *Nolos*, the defendant, a lawful permanent resident, was ordered removed after he pleaded guilty to theft in violation of § 205.0832 of the 2003

Nevada Revised Statutes. *Nolos*, 611 F.3d at 281. On appeal, Nolos argued that § 205.0832 included offenses which did not constitute theft offenses for purposes of § 1101(a)(43)(G), including the offense of which he was convicted. *Id.* at 284-85. Section 205.0832, like the statute in the instant case, defined theft to include the deprivation of property and the deprivation of services. Nev. Rev. Stat. Ann. § 205.0832 (2003). This court reviewed the Nevada single-count information, which stated that Nolos processed phony merchandise refunds to his own credit card while he was employed as a salesperson at a Nordstrom's store and charged Nolos with "theft by using services or property of another person entrusted to him or placed in his possession for a limited use, having a value of $250.00, or more." *Nolos*, 611 F.3d at 285. This court concluded that the language in the information tracked the language in § 205.0832(1)(b) and held that the language in that subsection met its generic definition of theft. *Id.* at 285-86. The *Nolos* court did not specifically hold that theft includes theft of services.

Further, the Ninth Circuit has rejected the notion that the generic definition of theft includes theft of services. *See Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003) (citing *United States v. Corona-Sanchez*, 291 F.3d 1201, 1208 (9th Cir. 2002) (en banc), *superseded on other grounds*), § 2L1.2, comment (n.4) (2002); *but see Abimbola v. Ashcroft*, 378 F.3d 173, 178-79 (2d Cir. 2004) (holding that the generic definition of theft includes theft of services).

Juarez also argues that Washington's theft definition is broader than this court's generic theft definition because Washington's definition includes theft by deception, which need not occur without the owner's consent, and which encompasses the offense of fraud. Juarez notes that although § 1101(a)(43)(M) encompasses the offenses of fraud and deceit, the loss to the victim must exceed $10,000 for the offense to qualify as an aggravated felony but that, in 1998, the

No. 10-40972

value assigned to theft in the third degree offenses was $250 dollars or less. Wash. Rev. Code Ann. § 9A.56.050(1) (1998).

Juarez's second argument also has merit. In *Argumedo-Perez*, 326 F. App'x at 294-95, the district court concluded that the defendant's prior Virginia conviction for grand larceny was a theft offense under § 1101(a)(43)(G) and increased the defendant's base offense level by eight levels pursuant to § 2L1.2(b)(1)(C). This court, again in an unpublished opinion, analyzed the Virginia common-law definition of larceny, the relevant statutes, the admissible documents, and Virginia case-law and determined that the defendant's grand larceny conviction did not qualify as a generic theft offense because he could have committed the offense with the owner's consent. *Id*. at 296-98. In the instant case, Juarez could have committed the theft offenses with the owner's consent.

The Government concedes that Juarez's second argument presents a closer question for this court. The Government maintains, however, that even if Juarez has established clear or obvious error, Juarez has failed to establish that the error affected the fairness, integrity or reputation of the judicial proceedings. In support of its argument, the Government relies on an off-the-record discussion between Juarez's trial attorney, the Federal Public Defender (FPD), and the probation officer. Allegedly, the probation officer told the FPD that he could obtain the necessary state court documents but the FPD told the probation officer it was not necessary to do so. This court will not consider the Government's argument regarding evidence outside of the record. *See United States v. Bell*, 966 F.2d 914, 918 (5th Cir. 1992).

Although under the modified categorical approach the district court was permitted to review the state court documents to narrow the statute of conviction, the state court documents in the instant case are of little help. The documents submitted by the probation officer, which include a judgment for the

No. 10-40972

October 1998 theft conviction and municipal docket sheets for all three theft convictions, do little more than indicate that Juarez was convicted of third degree theft on three separate occasions. The documents neither indicate the statutes of conviction nor the facts leading to Juarez's convictions.

We agree that the district court committed clear or obvious error when it increased Juarez's offense level by eight levels pursuant to § 2L1.2(b)(1)(C). The Washington statute at issue clearly prohibits theft of property, theft of services, theft by deception, and theft by fraud. Wash. Rev. Code Ann. § 9A.56.020(1) (1998). The Model Penal Code, on the other hand, prohibits only theft of property. Model Penal Code § 223.6(1). This court's generic definition prohibits theft of property and requires that the theft occur without the owner's consent. *Nolos*, 611 F.3d at 285.

Therefore, we must now determine whether this error affected Juarez's substantial rights. *See Puckett*, 129 S.Ct. at 1429. To show that the error affected his substantial rights, Juarez must show "there is a reasonable probability that, but for the district court's misapplication of the Guidelines, [he] would have received a lesser sentence." *United States v. Dickson*, 632 F.3d 186, 191 (5th Cir. 2011).

Increasing Juarez's offense level by eight levels resulted in a total offense level of 13. Based on his total offense level of 13 and his criminal history category of IV, Juarez's advisory guidelines range of imprisonment was 24 to 30 months. If the district court had imposed a four-level enhancement, Juarez's total offense level would have been nine and his advisory guidelines range of imprisonment would have been 12 to 18 months. Because Juarez's sentencing range and the correct sentencing range did not overlap, the district court's error necessarily increased Juarez's sentence and affected his substantial rights. *See United States v. Villegas*, 404 F.3d 355, 364 (5th Cir. 2005).

9

No. 10-40972

## CONCLUSION

For these reasons, we VACATE Juarez's sentence and REMAND for resentencing consistent with this opinion.